# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| MICHAEL JENKINS | CIVIL ACTION NO. 3:10-cv–0723 |
|     LA. DOC #371085 | |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| WARDEN, OUACHITA CORRECTIONAL | |
| CENTER | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Michael Jenkins filed a petition for writ *of habeas corpus* on April 27, 2010. Petitioner is an inmate in the custody of Louisiana's Department and Corrections. He is incarcerated at the Ouachita Parish Work-Release Center, Monroe, Louisiana; however, when he filed his petition, he was incarcerated at the Ouachita Correctional Center.

Petitioner attacked a disciplinary hearing which resulted in the forfeiture of 270 days of good time credits; he also attacked a sentence imposed by the Fourth Judicial District Court, Ouachita Parish, following his conviction on a charge of escape.  He prayed for the restoration of 765 days of good time credits and money damages for pain and suffering in the amount of $976, 500.

This matter was referred to the undersigned for review, report, and recommendation and the standing orders of the Court. For the following reasons it is recommended that the complaint, insofar as it seeks monetary damages pursuant to 42 U.S.C. §1983 be **DISMISSED WITH PREJUDICE** as frivolous until such time that plaintiff can demonstrate the allegedly erroneous miscalculation of his sentence has been reversed, expunged, or otherwise declared invalid.  It is further recommended that the complaint, insofar as it seeks *habeas corpus* relief and plaintiff's  immediate release from custody be **DISMISSED WITHOUT PREJUDICE** because plaintiff did not exhaust available state

court remedies prior to filing his federal suit.

### *Background*

Petitioner's original petition [Doc. #1] and his amended petition [Doc. #8] allege the following:

On January 20, 1992, petitioner was convicted of purse snatching and sentenced to serve eight (8) years at hard labor by the Fourth Judicial District Court. However, he was erroneously released from custody three days later, or on or about January 23, 1992. He was re-arrested and incarcerated on March 25, 1996.

At some point in time he was apparently released and convicted of some other offense which resulted in petitioner being placed on probation. Thereafter, on August 16, 2001, his probation was revoked and he was re-incarcerated and permitted to participate in the Ouachita Work-Release program. On July 19, 2002, he was arrested and charged with escape from the work-release facility and returned to OCC. On October 22, 2002, petitioner was sent to Forcht-Wade Corrections Center where he was charged with the disciplinary rules violation of escape. He was ultimately convicted at the disciplinary hearing and was required to forfeit 270 days of accumulated good time; to serve 6 months in the cell blocks, and another 6 months in working cell blocks.

Petitioner retained counsel and attempted to obtain credit against his sentence for the four years and four months he remained at large following his erroneous release from custody. On November 21, 2003 the Fourth Judicial District Court "... granted the 4 yr and 4 months (1,765 [days])"... however he "... was only given [credit for] 700 days and the other 765 days was (sic- taken away because of the escape on 7/19/02 at the Work Release Center." Petitioner argues that Constitutional prohibition against double jeopardy were violated because he "... was punished twice

because the Disciplinary Board had already taken 270 days good time, then at the 4th District took 765 so I was only given 700 days for being erroneously released from custody..."

Petitioner admitted that he did not seek either direct or collateral review of the prison disciplinary proceeding or the criminal conviction in the Fourth Judicial District Court . [See Doc. #1, ¶ 8-10]

On July 6, 2010, petitioner was directed to amend his petition. He was advised that he could not recover money damages in a *habeas corpus* action and that he would need to file a civil rights complaint pursuant to 42 U.S.C. §1983 and either obtain permission to proceed *in forma pauperis*, or pay the full filing fee of $350.00. He was also advised that he would have to name specific defendants and demonstrate how these defendants violated his Constitutional rights.

He was also advised, with respect to his *habeas corpus* claims, that he must demonstrate that his custody violates the Constitution or laws of the United States, and, that he fairly presented the substance of his federal claims to the Louisiana Supreme Court in a procedurally correct manner and thus exhausted available state court remedies prior to filing the instant suit. [See Doc. #6]

On July 13, 2010, he filed a Motion requesting an extension of the time for responding to the amend order. He also advised the Court of his intention to "obtain a law[y]er in this matter", and, he requested a transfer to another work release facility or half-way house. [Doc. #7[1]] Thereafter, on July 29, 2010, petitioner submitted the civil rights filing fee of $350.00 along with his amended complaint/petition. [Doc. #8]

---

[1] The Docket Sheet indicates that petitioner filed a motion to appoint counsel; however, upon closer inspection it does not appear that petitioner requested appointment of counsel. Indeed, as noted above, it appears that petitioner was in the process of obtaining his own attorney.

***Law and Analysis***

*1. Habeas Corpus*

Petitioner demands the restoration of good time credits and thus an immediate or at least speedier release from custody.  That aspect of his pleading must be construed as a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2254 since he is in custody pursuant to the judgment of a state court. Compare *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); see *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir.1997), *reh'g en banc granted and opin. vacated*, 133 F.3d 940 (5th Cir.1997), rev'd in part on other grounds and opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir.1998) (*en banc*); *Hernandez v. Spencer*, 780 F.2d 504, 504 (5th Cir.1986).  Venue for such an action would be appropriate in this Division since plaintiff is incarcerated Ouachita Parish  which is located within the geographical confines of the Monroe Division of the Western District of Louisiana. See 28 U.S.C. §2241(d)( "Where an application for a writ of *habeas corpus* is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." )

However, as he was previously advised,  before petitioner  may proceed with his petition for *habeas corpus* in Federal court, he must first exhaust all available state court remedies by fairly presenting the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner. Title 28 U.S.C. §2254(b)(1) provides,

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears that–

4

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

"The exhaustion requirement 'is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.' " *Moore v. Quarterman*, 491 F.3d 213, 220 (5th Cir.2007)(quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir.2003)).  To satisfy the exhaustion requirement, the *habeas* petitioner must have fairly presented the substance of his federal *habeas corpus* claims to the highest state court. *Vasquez v. Hillery*, 474 U.S. 254, 257-58, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir.2005).  In Louisiana, the highest court is the Louisiana Supreme Court, therefore, in order to satisfy the statutory and jurisprudential requirement of exhaustion, a *habeas corpus* petitioner who seeks to collaterally attack his Louisiana conviction and sentence, or the disciplinary rules adjudication which resulted in the forfeiture of good time credits, or even his sentence calculation,  must have presented his claims in a procedurally correct manner to the Louisiana Supreme Court before raising those claims in federal court.

Under Louisiana law, an inmate contesting the computation of his sentence or the forfeiture of good time credits,  must first exhaust the two-step administrative remedies procedures available to all LDOC inmates; if aggrieved by the action of the Department, the inmate may then seek judicial review in the Nineteenth Judicial District Court;  if still dissatisfied, he may invoke the supervisory

jurisdiction of the First Circuit Court of Appeals and then the Louisiana Supreme Court.[2]

The pleadings, exhibits, and the presumptively reliable published jurisprudence of the State of Louisiana reveal that petitioner  has not exhausted available State court remedies since there are no published writ judgments of the Louisiana Supreme Court involving this plaintiff.

His failure to exhaust those state court remedies prior to filing the instant suit mandates dismissal of his complaint insofar as he seeks *habeas corpus* relief.

### 2. Civil Rights

That does not end the inquiry, however, since, in addition to his immediate release from custody, petitioner also seeks monetary relief.

#### A. Screening

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C.

---

[2] Louisiana convicts who challenge the computation of their sentences, must first avail themselves of the administrative remedies established by Louisiana law. See La. R.S.15:1177(B) which authorized the establishment of administrative remedies procedures to allow prisoners the opportunity to submit grievances concerning, among other things,  "time computations." See also L.A.C. Title 22, Part I,  §325(B) which provides in part, "Corrections Services has established the administrative remedy procedure through which an inmate may seek formal review of a complaint which relates to any aspect of his incarceration ... Such complaints and grievances include, but are not limited to any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law and by way of illustration includes actions pertaining to ... time computations..." The process involved is a two step process which concludes only after the Secretary of the Department has denied relief. L.A.C. Title 22, Part I, §325(G).

Having first exhausted these administrative remedies, aggrieved inmates "... may ... seek judicial review of the decision only in the Nineteenth Judicial District Court ..." See La. R.S.15:1177(A). See also La. R.S.15:571.15 which provides, "Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, discharge, good time dates, or any action concerning parole shall be in the parish of East Baton Rouge..." Pursuant to La. R.S. § 15:1177A(10), the inmate can appeal the decisions of the district court to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. La. R.S. § 13:312(1). To complete the process, Louisiana law would allow him to seek supervisory review in the Louisiana Supreme Court. La. C.C.P. art. 2201; La. C.Cr.P. art. 922.

Thus, exhaustion of remedies occurs only after an aggrieved prisoner has submitted his claims in a procedurally correct manner to the Louisiana Supreme Court and that court has denied relief.

§1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A. Plaintiff was initially allowed to proceed *in forma pauperis* on his *habeas corpus* petition based upon his application which indicated that he was indeed a pauper. [Docs. #2-3] When he was advised that he was required to pay the $350 court costs or seek *ifp* status with respect to the civil rights aspect of his claim, he somehow managed to pay the full filing fee. [Doc. #7-8]   This prisoner complaint is still subject to screening prior to service of process regardless of whether the filing fee is paid in advance. 28 U.S.C. § 1915A; *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir.1998).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

Plaintiff's original complaint and amended complaint, while short on facts, are sufficient for the purposes of this initial review.  Based on the information supplied thus far, it appears that plaintiff's civil rights claim for damages  falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) and "is legally frivolous unless the ... sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir.1996).

### B. <u>*Heck v. Humphrey*</u> **Considerations**

In *Heck* v. *Humphrey*, the United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused

by actions whose unlawfulness would render a ... sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). (*Heck* involved a civil rights claim brought by a state prisoner. Since a judgment in favor of the plaintiff would have called into question the legality of his conviction and confinement, the Court dismissed the Section 1983 suit until the plaintiff could demonstrate that the allegedly unlawful conviction or sentence had been invalidated.)

Thus, pursuant to *Heck*, courts must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his ... sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the ... sentence has already been invalidated." *Id.* at 487. Put another way, if success in a " ... § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal *habeas*, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) (*per curiam*). Further, this same rule has been extended to apply to claims for damages for alleged procedural defects in a prison's administrative procedures which have resulted in the allegedly improper forfeiture of good time credits. *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

It is not entirely clear whether plaintiff attacks his conviction and sentence in the Fourth Judicial District Court, or the forfeiture of good time credits based upon an alleged violation of prison disciplinary rules, or, the calculation of plaintiff's sentence by the LDOC. Nevertheless it is

8

clear that a favorable judgment here would call into question the validity of the sentence that plaintiff is now serving. Therefore, before plaintiff can proceed, he must prove that the allegedly erroneous conviction, disciplinary rules adjudication, or calculation of his sentence "...has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Heck*, 512 U.S. at 486-87, 114 S.Ct. at 2372, 129 L.Ed.2d at 394. He has not met this precondition and his complaint must be dismissed with prejudice as frivolous until such time that he can demonstrate that his sentence has been invalidated. See *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996); *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994) ("Dismissal of the §1983 action under 28 U.S.C. § 1915(d) is appropriate, post- *Heck*, because the plaintiff's action has been shown to be legally frivolous.")

### 3. Conclusion and Recommendation

Therefore, for the foregoing reasons,

**IT IS RECOMMENDED** that the complaint, insofar as it seeks monetary relief pursuant to 42 U.S.C. §1983 be **DISMISSED WITH PREJUDICE** as frivolous until such time that plaintiff can demonstrate that the allegedly erroneous sentence has been reversed, expunged, called into question, or otherwise invalidated; and,

**IT IS FURTHER RECOMMENDED** that the complaint, insofar as it seeks *habeas corpus* relief pursuant to 28 U.S.C. §2254 be **DISMISSED WITHOUT PREJUDICE** because plaintiff did not exhaust available state court remedies prior to filing his federal suit.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

_____In Chambers, Monroe, Louisiana, August 19, 2010.

_____

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**

10