RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE  11/1/10
BY____

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **MICHAEL JENKINS**  **LA. DOC #371085**  **VERSUS** | **CIVIL ACTION NO. 3:10-cv-0723**  **SECTION P**  **JUDGE ROBERT G. JAMES** |
| **WARDEN, OUACHITA CORRECTIONAL CENTER** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

*Pro se* petitioner Michael Jenkins ("Jenkins") filed a Petition for Writ *of Habeas Corpus* on April 27, 2010. Jenkins is an inmate in the custody of Louisiana's Department and Corrections. He is incarcerated at the Ouachita Parish Work-Release Center in Monroe, Louisiana. Jenkins attacks a disciplinary hearing which resulted in the forfeiture of 270 days of good time credits; he also attacks a sentence imposed by the Fourth Judicial District Court, Ouachita Parish, following his conviction on a charge of escape. He prays for the restoration of 765 days of good time credits and money damages for pain and suffering in the amount of $976,500.

On August 19, 2010, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 10] recommending that the Court dismiss Jenkins' Petition for Writ of *Habeas Corpus* for failure to exhaust state court remedies. To the extent that Jenkins seeks damages under 42 U.S.C. § 1983, the Magistrate Judge recommended that the Court dismiss this claim under *Heck v. Humphrey*, 512 U.S. 477 (1994).

On September 3, 2010, Jenkins' objections [Doc. No. 11] to the Report and Recommendation were filed.

After reviewing the record in this matter, including Jenkins' objections, the Court agrees with

and ADOPTS the analysis and conclusions contained in the Report and Recommendation of the Magistrate Judge. However, Jenkins' objections appear to contradict certain factual statements in the Report and Recommendation. The Court, thus, issues this Ruling to correct those factual statements.

### A. Factual History of Jenkins' Parole Revocation

In the Report and Recommendation on page 2, the Magistrate Judge recounts Jenkins' history of incarceration as follows:

> On January 20, 1992 petitioner was convicted of purse snatching and sentenced to serve eight (8) years at hard labor by the Fourth Judicial District Court. However, he was erroneously released from custody three days later, or on or about January 23, 1992. He was re-arrested and incarcerated on March 25, 1996.
>
> At some point in time he was apparently released and convicted of some other offense which resulted in petitioner being placed on probation. Thereafter, on August 16, 2001 his probation was revoked and he was re-incarcerated and permitted to participate in the Ouachita Work-Release program. On July 19, 2002 he was arrested and charged with escape from the work-release facility and returned to OCC. On October 22, 2002, petitioner was sent to Forcht-Wade Corrections Center where he was charged with the disciplinary rules violation of escape. He was ultimately convicted at the disciplinary hearing and was required to forfeit 270 days of accumulated good time; to serve 6 months in the cell blocks and another 6 months in working cell blocks.

[Doc. No. 10, p. 2].

However, in his objections, Jenkins states that, on March 25, 1996, he was "re-arrested for [possession] of marijuana," but the case was dismissed when "someone" realized that he should have been serving an eight-year sentence. [Doc. No. 11, p. 1]. He served two years and four months before making parole on his purse snatching conviction.

Contrary to the Report and Recommendation, Jenkins now indicates that he was on parole from his purse snatching conviction, and, on August 16, 2001, his parole from that conviction was

revoked. Thus, it appears that Jenkins was not convicted of some other offense resulting in his being placed on probation.

To the extent that the factual statements contained in the Report and Recommendation are inconsistent with the facts provided by Jenkins with regard to his parole revocation, the Court DECLINES TO ADOPT the Report and Recommendation.

### B. Relief Currently Sought

On page 8 of the Report and Recommendation, the Magistrate Judge states that "[i]t is not entirely clear whether plaintiff attacks his conviction and sentence in the Fourth Judicial District Court, or the forfeiture of good time credits based upon an alleged violation of prison disciplinary rules, or, the calculation of plaintiff's sentence by the LDOC." [Doc. No. 10, p. 8]. The Court agrees that Jenkins has not been entirely clear in this regard.

To add to the confusion, Jenkins attached an April 30, 2010 letter from the LDOC to his objections. In that letter, the LDOC indicates that Jenkins is currently serving a "sentence that was committed on or about December 31, 2006." [Doc. No. 11, attached letter]. Thus, in addition to the possibilities posed by the Magistrate Judge, Jenkins also appears to attack the calculation of his unrelated 2006 sentence by the LDOC. Thus, the Court agrees with and ADOPTS the Magistrate Judge's statements on page 8, but clarifies that Jenkins raises other claims against the LDOC as well.

However, regardless of how Jenkins' habeas and § 1983 claims are characterized, it remains clear that the Magistrate Judge properly analyzed those claims and concluded that Jenkins had not exhausted his available state court remedies as required for his habeas claim and that he had not met the *Heck* requirements for his § 1983 claim. Thus, the Court finds that the Magistrate Judge has

3

properly recommended dismissal of both Jenkins' habeas and § 1983 claims.

**MONROE, LOUISIANA,** this __31__ day of __October__, 2010.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE